IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SYMANTHA SWEGLE,

Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

2:11-CV- 01290 RE

**OPINION AND ORDER**

**REDDEN**, Judge:

Plaintiff Symantha Swegle ("Swegle") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

///

1 - OPINION AND ORDER

## BACKGROUND

Swegle filed her applications in April 2007. She has a general equivalency diploma, and has worked as a newspaper deliverer, care giver, and cashier. Born in 1980, Swegle was 25 years old on her alleged disability onset date of August 16, 2006, due to bipolar/manic depression. Tr. 188. Her application was denied initially and upon reconsideration. A hearing was held in November 2009. The Administrative Law Judge ("ALJ") found her not disabled. Swegle's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Swegle had the medically determinable severe impairments of bipolar disorder, degenerative joint disease of the spine; post-traumatic stress disorder, and osteoarthritis of the hands. Tr. 14.

The ALJ found that Swegle's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 14-16.

The ALJ determined that Swegle retained the residual functional capacity ("RFC") to perform a limited range of light work, that she can walk two blocks at a time, stand 30 minutes at a time, sit 30 minutes at a time, and climb six stair steps at a time. Tr. 16. The ALJ found that Swegle can push and pull with 20 pounds of pressure for five minutes at a time, she is unable to perform activities requiring fine manipulation, and she has a mild impairment in short-term memory and in the ability to relate to other people. *Id.*

The ALJ found that Swegle was not entirely credible as to the intensity, persistence, and limiting effects of her symptoms. Tr. 17. Swegle disputes the ALJ's RFC and credibility

findings.

The ALJ found Swegle could not perform her past relevant work. Tr. 19.

The ALJ found Swegle was not disabled because she could perform other work that exists in significant numbers in the national economy. Tr. 20. Swegle disputes this finding.

The medical records accurately set out Swegle's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Swegle contends that the ALJ erred by: (1) finding her less than fully credible; (2) finding that her migraines do not meet or equal in medical severity the Listings; (3) improperly rejecting lay testimony; and (4) improperly determining her RFC.

### I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient

3 - OPINION AND ORDER

basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F.3d at 1282.

The ALJ found Swegle's allegations as to the intensity, persistence and limiting effects of her symptoms not credible to the extent that they are inconsistent with the RFC. Tr. 17.

The ALJ noted that Swegle stated in a September 12, 2007, psychological evaluation that she doesn't use alcohol or illicit drugs. Tr. 456. However, in a November 28, 2007 treatment note, she stated that she was using "methamphetamine with her husband up until an alleged DV [domestic violence] incident about 4 weeks ago." Tr. 18, 560. The ALJ may consider inconsistent statements about drug abuse when evaluating credibility. *Verduzco v. Apfel,* 188

4 - OPINION AND ORDER

F.3d 1087, 1090 (9th Cir. 1999).

The ALJ noted that Swegle made reports inconsistent with the evidence. Tr. 17. In September 2006, just after her alleged onset date of August 16, 2006, Swegle's physician released her from work at a bakery due to severe nausea and vomiting related to her pregnancy, and not because of any alleged mental or physical impairment. Tr. 380.

The ALJ properly noted that Swegle's testimony is contradicted by the medical evidence. Tr. 17. Swegle testified that she is unable to work because of bipolar symptoms and pain in the low back, legs, and hands. Tr. 31. She testified that she becomes manic about four times a month, and she will "want to go do something, but with my physical state, I can't." Tr. 32. The ALJ noted that the medical evidence indicated that in February 2007 Swegle reported that she had manic symptoms once or twice a year. Tr. 17, 421. She described feeling down, sleeping all day, lacking motivation, and crying. Tr. 421. However, one month later, examining physician Scott T. Fry, M.D., noted depression, that Geodon helped stabilize her moods, and that she should continue working, as that "helps stabilize her personality." Tr. 417. The contradiction between the claimant's testimony and the medical evidence is a clear and convincing reason to find Swegle less than fully credible. *Johnson v. Shalala,* 60 F.3d 1428, 1433-34 (9th Cir. 1995).

In addition, the ALJ properly noted medical reports of improvement with treatment. *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 599-600 (9th Cir. 1999). August 2007 counseling records indicate that despite symptoms of anger and coping skills issues, Swegle was expressing her thoughts more assertively and was less depressed. Tr. 466. September 2007 notes indicate that her "affect was generally in normal range with some mild restriction and some signs of a little bit of depression today," and no evidence of psychosis. Tr. 460.

5 - OPINION AND ORDER

The ALJ properly considered that the claimant's activities contradicted her reports of disabling symptoms. Tr. 19. She volunteered with the Salvation Army, gardened, started a paper route, and was excited to interview for a job. Tr. 550, 535, 526. The ALJ noted that Swegle's mother reported, in April 2007, that the claimant prepared meals for one to two hours per day, drove alone, shopped once a week for groceries, is able to pay bills, journals weekly, and has no problem getting along with others. Tr. 19, 209-210. Ms. Baker reported that Swegle could walk a mile and pay attention for 20 to 30 minutes. Tr. 211. The ALJ properly considered this lay witness statement to find the claimant less than fully credible.

The ALJ identified clear and convincing reasons supported by substantial evidence to find the plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of her symptoms.

## II. Step Two

At step two, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. *Bowen v. Yuckert,* 482 US 137, 140-41 (1987). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." 20 CFR § 404.1521(a). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 CFR § 404.1521(b).

The step two inquiry is a *de minimis* screening device to dispose of groundless claims. *Yuckert,* 482 US at 153-54. An impairment or combination of impairments can be found "not

severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen,* 841 F2d 303, 306 (9th Cir 1988) (adopting SSR 85-28). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and cannot be established on the basis of a claimant's symptoms alone. 20 CFR § 404.1508.

Swegle argues that her headaches make it difficult for her to function and perform work on a regular, eight hour a day, five days a week basis. Pl.'s Br. at 25-26. There is evidence that headaches could be part of Swegle's bipolar disorder, which the ALJ accounted for in the RFC. Tr. 19, 468. There is evidence that Swegle's headaches are controlled when she takes her medication. Tr. 490. Swegle does not point to any evidence of any functional limitation arising from her headaches that is not adequately accounted for by limiting her to a reduced range of light work.

The ALJ properly determined that Swegle had severe impairments at step two and continued the analysis. Any error in failing to identify other limitations as "severe" at step two is therefore harmless.

### III. Other Sources

Plaintiff contends that the ALJ erred by giving little weight to the opinions Dan Eslinger, P.M.H.N.P., and Risa Riggen, R.N. In February 2008, Mr. Eslinger stated that Swegle "should not try to go back to work for 6 months." Tr. 543. In May 2008, Mr. Elsinger wrote "I recommend she not be working for 2-3 months." Tr. 530. And in October 2008, Mr. Elsinger opined that Swegle could not work for six months. Tr. 647. Ms. Riggen stated, in September 2009, that Swegle would miss more than three days of work each month due to her impairments

or treatment, and that Swegle would "remain [sic] permanently disabled. Tr. 624.

An ALJ may consider opinions from sources other than "acceptable medical sources," like those from a nurse or nurse practitioner. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). The ALJ may properly discount those opinions by providing reasons that are "germane" to that source. *Turner v. Commr. of Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010).

The ALJ noted these opinions, and discounted them because there was no evidence that either nurse was cognizant of Swegle's use of methamphetamine. Tr. 18. The ALJ also noted that their assessments were based on the claimant's self reports, which the ALJ properly found not fully credible. The ALJ identified germane reasons to give the opinions of Mr. Eslinger and Ms. Riggens little weight.

## IV. RFC Assessment

Social Security Rule 96-8p, entitled "Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims," addresses assessment of a claimant's RFC. SSR 96-8p (available at 1996 WL 374184). The Ruling defines the RFC assessment and instructs the ALJ to make findings in construing a claimant's RFC. The Ruling also instructs the ALJ to consider "all relevant evidence" in making RFC findings, and to address the claimant's exertional and nonexertional capacity. *Id.* at *5-6.

A claimant's RFC is an assessment of what a claimant can do in a work setting despite her mental or physical impairments. Here, the ALJ found that the claimant retained the RFC for a reduced range of light work, she can walk two blocks at a time, stand 30 minutes at a time, and sit 30 minutes at a time. She can climb six stairs at a time, push and pull with 20 pounds of pressure for five minutes at a time. The ALJ found that Swegle retained the ability to perform

gross but not fine manipulation, and has a mild impairment in short term memory and mild limitation in the ability to relate to other people. Tr. 16. The ALJ found that Swegle would work best alone and not as part of a group. Tr. 16.

Plaintiff argues that the ALJ failed to "assess" and "discuss" whether Swegle is capable of working on a regular and continuing basis for 8 hours a day, 5 days a week. However, an RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e); *see also* SSR 96-8p, *available at* 1996 WL 374184, at \* 1 ("A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."). The ALJ did not err by failing to state that the RFC assessment complies with the relevant regulations.

Swegle argues that the ALJ failed to address limitations arising from her Bipolar Disorder, PTSD, headaches, and wrist, hand, and back pain. Pl. Brief at 31. Swegle does not identify any evidence that her limitations are not adequately accounted for by the RFC assessment. Substantial evidence supports the ALJ's RFC assessment.

## CONCLUSION

For these reasons, the ALJ's decision that Swegle is not disabled is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this ___ day of April, 2013.

/s/ James A. Redden
JAMES A. REDDEN
United States District Judge

9 - OPINION AND ORDER